**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3317
_____

KARINA ROBREDO,
                    Appellant

v.

METRO HONDA

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-15-cv-08135)
District Judge: Honorable Kevin McNulty
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 19, 2017
Before:  RESTREPO, SCIRICA and FISHER, Circuit Judges

(Opinion filed: May 26, 2017)
_____

OPINION[*]
_____

PER CURIAM

        Karina Robredo appeals pro se from the District Court's entry of summary

judgment in favor of Metro Honda.  We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Robredo was involved with two transactions with Metro Honda—a 2009 installment agreement for the purchase of a 2006 Honda CR-V, and a 2010 agreement for the lease of a 2010 Honda CR-V. She believed that Metro Honda had engaged in fraudulent and deceptive sales practices in those transactions and brought suit in New Jersey state court. On the basis of arbitration clauses in the two agreements with Metro Honda that Robredo had signed, the New Jersey Superior Court dismissed her complaint and compelled her to engage in binding arbitration with Metro Honda.

Robredo was represented by counsel in the arbitration of the dispute, which the parties settled. Robredo then contested the settlement and won the right to pursue a second arbitration, this time proceeding pro se. The arbitrator in the second case concluded that Robredo's claims had no merit, and denied Metro Honda's counterclaims for fees and costs.

Eleven months after the arbitrator issued the award, Robredo sued Metro Honda in the District Court, bringing substantially the same cause of action but also invoking various federal statutes. Metro Honda moved to dismiss the complaint for lack of subject matter jurisdiction, on res judicata grounds, and as untimely filed under the applicable statutes of limitations. Metro Honda acknowledged that its motion referred to matters outside of the pleadings and might, accordingly, have to be considered in the alternative as a motion for summary judgment. After Robredo responded to the motion, the District Court granted summary judgment in favor of Metro Honda. This appeal followed.

2

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over a district court's order granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). We construe Robredo's pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). We may affirm the District Court's judgment on any ground that the record supports. See Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

Here, there was no genuine issue of material fact that Robredo was not entitled to relief on the claims that she brought in her federal lawsuit because she had already agreed to litigate all such claims in arbitration. In particular, the parties agreed to arbitrate all claims that might arise out of, or would be related to, the automobile transactions—including all state, federal, or statutory claims. The agreement included non-exclusive examples of such claims: "Consumer Fraud, Used Car Lemon Law, and Truth-in-Lending claims." The parties agreed to waive their rights to pursue other remedies in other forums, including in court. The parties also agreed that the arbitration decision would bind them. After Robredo brought suit in state court, the New Jersey Superior Court ruled definitively that her suit was subject to arbitration.

On appeal, Robredo argues that the arbitration proceedings were somehow unfair or one-sided, but the record does not bear out that assertion. In those proceedings, the parties had the opportunity to present and rebut evidence to support their legal claims. Robredo provided both pre-hearing and post-hearing submissions to the arbitrator before a final decision issued, and Robredo herself testified at the hearing. The proceedings then

3

concluded when the arbitrator issued a reasoned opinion in December 2014. Robredo never appealed that decision to the Appellate Division of the Superior Court of New Jersey, nor sought to vacate or modify the award within the prescribed period to do so. See 9 U.S.C. § 12 ("Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."). Robredo's contention that the District Court could hear her claims in federal court because the arbitration proceedings were somehow unfair or biased therefore has no support in the record.[1]

For these reasons, we will affirm the District Court's judgment. Metro Honda's motion to summarily affirm is dismissed as moot.

---

[1] In addition, we agree with the District Court's conclusion that Robredo's claims were time-barred—an issue that Robredo did not address on appeal in her briefs. Also, although the parties did not discuss tolling in their briefing, no basis for equitable tolling of the statutes of limitations is apparent in the record.